**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, Counterclaim-Defendant, | ) | |
| | ) | Case No. 4:21-cv-01279-SEP |
| v. | ) | |
| | ) | |
| MERCY HEALTH, et al., | ) | |
| | ) | |
| Defendants, Counterclaim Plaintiffs. | ) | |

**MERCY HEALTH AND MERCY ACO CLINICAL SERVICES' MEMORANDUM IN OPPOSITION TO LIFESCIENCE TECHNOLOGIES, LLC'S MOTION TO SET A DATE CERTAIN FOR TRIAL OR FOR A STATUS CONFERENCE**

Defendants Mercy Health and Mercy ACO Clinical Services, Inc. (collectively "Mercy") hereby respectfully respond to Lifescience Technologies, LLC's ("LST") "Motion to Set a Date Certain for Trial or for a Status Conference" (ECF No. 514, the "Motion"). Mercy does not oppose LST's request for a status conference (or other method) to discuss a new trial date. Mercy does oppose LST's request for a specific trial date of February 2, 2026, as Mercy's trial counsel is not available to begin trial on that date.

The same case that compelled Mercy's previous motion to continue (ECF No. 509)—*Sportcastr Inc. v. Sportradar Group, AG, et al.; and Sportcastr Inc. v. Genius Sports Ltd. et al.,* Civil Action Nos. 2:23-cv-00472 and 00471 pending in the U.S. District Court, Eastern District of Texas—is set for trial during the docket beginning January 23, 2026 (i.e., six business days before LST's proposed date for the present case). As previously stated, Mercy counsel David Roodman and Nick Williamson are representing the defendants in that litigation and would be entirely unavailable for pretrial preparation, proceedings, and likely trial in this case on the date LST proposes. *See* ECF No. 509.

Mercy does not oppose a hearing to discuss workable trial dates. Alternatively, Mercy proposes either that: (i) the parties meet-and-confer to determine mutually acceptable dates to propose to the Court; or (ii) the Court provide a list of its own available trial dates for spring 2026, which the parties can then use to confer and select an available date. Given the number of law firms, parties, and fact and expert witnesses, Mercy respectfully suggests that its alternative is the most efficient manner to assess witness and counsel availability, to set a new trial date, and provide greater certainty to the parties and the Court.

With respect to the remainder of LST's Motion, Mercy responds only that it disagrees with LST's characterizations regarding alleged "delay" and "prejudice." For example, LST complains that "Mercy did not obtain LST's consent to the [April 2025] Motion [to Continue]," but misleadingly omits the fact that Mercy did contact LST in an attempt to obtain such consent (a fact clearly stated in Mercy's motion). *See* ECF No. 509, ¶ 11. By contrast, LST did not contact Mercy at all before filing the present motion, let alone try to confer regarding mutually-workable trial dates such that the parties could have resolved the present issue without the need for motion practice.

For the reasons stated herein, Mercy respectfully opposes LST's Motion to the extent it seeks to reset trial for February 2, 2026. Mercy does not oppose a Court hearing, or such other procedure as the Court deems proper, to facilitate the scheduling of this case for trial.

Dated: September 9, 2025

**BRYAN CAVE LEIGHTON PAISNER LLP**


By: /s/ *Jason S. Meyer*
David A. Roodman, #38109 MO
Mark S. Deiermann, #31521 MO
Jason Meyer, #64030 MO
Craig O'Dear, #30167 MO
Nick E. Williamson, #56925MO
Barbara A. Smith, #66237MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
david.roodman@bclplaw.com
msdeiermann@bclplaw.com
jason.meyer@bclplaw.com
csodear@bclplaw.com
nick.williamson@bclplaw.com
barbara.smith@bclplaw.com

*ATTORNEYS FOR MERCY DEFENDANTS*