UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES LLC,<br>Plaintiff,<br>v.<br>MERCY HEALTH, et al.,<br>Defendants. | Case No. 26-cv-02903-WHO<br><br>**TENTATIVE AND QUESTION FOR ARGUMENT** |

To help focus the argument on Wednesday, I am providing some tentative thoughts about the motions.

It seems clear that the PMSA and SaaS agreements establish that Mercy owns all "content and workflows" while LST owns the m.Care code. It is also clear that pointing to the end result of what software does, and not how it does it, is insufficient to state a trade secret, as *NEXT Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, 163 F.4th 1091 (7th Cir. 2026), held.

LST describes a set of features within m.Care and says that, for each feature, the feature or functionality "and/or the way it is implemented in m.Care" is the trade secret. Where in the trade secret disclosures is that described? It would be helpful if LST very specifically directs me to the disclosures it relies on and walks me through the description of the functionality of the feature that makes it a trade secret.

While that question is foundational for the rest of the motions, I have tentative thoughts on some of the other issues raised. No party is liable for abuse of process. LST's motions against Myia for trade secret misappropriation and unfair competition would be denied—Myia's disclosure is sufficient and it is pursuing injunctive relief, not damages. LST's theory for breach of contract lacks merit and that motion would be denied.

United States District Court
Northern District of California

Myia's motion under Missouri Computer Tampering Statute would be granted. Myia's motion against LST's tortious interference claim would be denied regarding LST's relationship with Mercy but granted regarding LST's relationship with BJC. The trade secret misappropriation claim would be denied because there are questions of fact regarding reasonable efforts to keep training documents secret and irreparable harm warranting injunctive relief.

The Daubert motions raise issues that may be appropriate for motions to strike specific portions of testimony closer to trial. If the parties believe that any of them are central to the determination of the pending motions and should be struck, they should identify them during argument and explain why.

I will run the hearing using the following order, roughly holding parties to the time indicated. I will ask LST to answer my central question (no more than 10 minutes). Mercy may then respond and argue its motion (15 mins). LST may respond and then argue its motions (20 mins). Myia may respond and argue its motion (15 mins). LST may respond (5 mins) and then Mercy will conclude (10 mins). The parties are advised to be focused and avoid jury arguments. I recognize that there is a lot of ground to cover, but argument will not be unlimited.

Dated: October 13, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California